IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAMAR SOWELL,

        *Plaintiff*,

v.

RAV INVESTIGATIVE & SECURITY SERVICES, LTD, *et al.*,

        *Defendants*.

CIVIL ACTION
NO. 15-03657

**PAPPERT, J.**                                                                                                                          August 4, 2016

## MEMORANDUM

The Court entered default judgment against RAV Investigative & Security Services, LTD ("RAV") on May 26, 2016, awarding Lamar Sowell ("Sowell") $29,144 in back pay and compensatory and punitive damages for violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). (ECF Nos. 29–30.) Before the Court is Sowell's petition for an award of $11,523.50 in attorneys' fees and $2,739.41 in costs pursuant to 42 U.S.C. Section 1988. (Pl.'s Pet., ECF No. 31.) For the following reasons, the Court grants Sowell's petition.

## I.

Section 1988 grants courts discretion to award prevailing parties "a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b).[1] In the absence of special circumstances, "a district court not merely 'may' but *must* award fees to the prevailing plaintiff." *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 761 (1989) (citing *Newman v. Piggie Park Enter.*, 390 U.S. 400, 402 (1968)). The applicant for attorneys' fees bears the burden of proving that he is a

---

[1] The PHRA also provides for the award of attorneys' fees and costs to the prevailing plaintiff. 43 Pa. Cons. Stat. § 962(c)(4)(c.2).

1

prevailing party and that the fee request is reasonable. *See Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992).

The district court has discretion in deciding the fee amount in light of objections, but may not make reductions on its own. *See Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 721 (3d Cir. 1989). A court should deduct hours that are "excessive, redundant, or otherwise unnecessary." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (citing *Hensley v. Eckerhart*, 471 U.S. 424, 433 (1983)). After a court has established the reasonable amount of time spent, it must determine the reasonable hourly rate, calculated in accordance with the prevailing market rate in the relevant community. *See id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). To meet its burden, the applicant must "submit evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433. After determining the reasonable hourly rate and time reasonably expended, the court multiplies the two factors to reach the lodestar, which is the presumed reasonable fee. *See Rode*, 892 F.2d at 1183. However, this does not end the calculation. The district court has discretion to adjust the lodestar if it is unreasonable in light of the results obtained. *See id.*

## II.

Sowell's counsel submitted to the Court their time and cost records. (Pl.'s Pet., Exs. E–F.) Three attorneys worked on Sowell's litigation: Ari Karpf, Adam Lease and Mark Sottile. (Pl.'s Pet. at 8.) Their billing rates were $350.00, $275.00 and $195.00 per hour, respectively. (*Id.*) Each attorney submitted certifications outlining their qualifications, years of experience and time spent on the matter. (Pl.'s Pet., Exs. A–B, D.) Counsel also submitted several certifications of local attorneys attesting to their experience and reasonable hourly rates. (Pl.'s Pet, Ex. C.)

Sowell's counsel's hourly rates are lower than the rates charged by other attorneys with comparable experience according to the schedule set by Community Legal Services, Inc. and are therefore reasonable.  *See Maldonado v. Houstoun*, 256 F.3d 181, 187–88 (3d Cir. 2011) ("The fee schedule established by Community Legal Services, Inc. . . . has been approvingly cited by the Third Circuit as being well developed and has been found by [the Eastern District of Pennsylvania] to be a fair reflection of the prevailing market rates in Philadelphia.") (citations and internal quotation marks omitted).  After reviewing counsel's time records, (Pl.'s Pet., Ex. E), the Court determines that the amount of time that counsel has spent on the matter is reasonable in light of the nature of the suit and work performed.  *See Fox*, 536 U.S. at 838 (stating that "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time").  Counsel's costs for depositions, administrative expenses and filing fees are also reasonable.  (Pl.'s Pet., Ex. F.)  The Court therefore awards Sowell's counsel $11,523.50 in attorneys' fees and $2,739.41 in costs.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.