IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMAR SOWELL,<br><br>　　　　　*Plaintiff,*<br><br>　v.<br><br>RAV INVESTIGATIVE & SECURITY SERVICES, LTD, et al.,<br><br>　　　　　*Defendants.* | CIVIL ACTION<br>NO. 15-03657 |

**PAPPERT, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　**March 7, 2017**

## MEMORANDUM

　　　Lamar Sowell sued RAV Investigative & Security Services, LTD and Sonesta International Hotels Corporation alleging violations of Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act. Sowell was employed by RAV, who assigned him to work as a security guard at Sonesta. Sowell contends that his managers at RAV harassed and eventually terminated him because of his religion. RAV failed to appear or otherwise respond to Sowell's complaint, eventually leading to a default judgment against RAV. Sowell and Sonesta settled Sowell's remaining claims. After the default judgment, and upon Sowell's motion, the Court ordered RAV to respond to Sowell's post-judgment interrogatories and produce a corporate designee for a deposition to identify RAV's executable assets. Sowell now moves to hold RAV in contempt for its failure to comply with the Order. The Court denies the motion without prejudice.

**I.**

　　　Sowell filed his complaint on June 30, 2015. (ECF No. 1.) He attempted to serve RAV via a waiver of service, but RAV did not sign and return the waiver or otherwise appear. (Pl.'s

Mot. to Enter Default J. ("Pl.'s Mot.") ¶¶ 1–2, Ex. A, ECF No. 17.)  On August 18, 2015 Sowell personally served one of RAV's officers with a copy of the summons and complaint.  (*Id.*, Ex. B.)  After RAV failed to appear or respond to the complaint, Sowell's counsel sent a letter to RAV on October 5, 2015 stating that he would file a motion for default judgment if a representative from RAV did not contact him by October 12, 2015.  (*Id.*, Ex. C.)  RAV did not respond to the letter and Sowell requested the clerk of court to enter default pursuant to Rule 55(a).  (ECF No. 13.)  The clerk entered default against RAV on October 15, 2015.  (ECF No. 14.)  Sowell then filed a motion for default judgment on December 1, 2015, (ECF No. 17), which the Court granted on May 26, 2016, (ECF No. 30).

      Following the entry of default judgment against RAV, Sowell sought post-judgment discovery in order to determine and locate RAV's assets as a judgment debtor.  *See* (*id.* at 6–7).  Sowell filed a motion to compel RAV to respond to his post-judgment discovery requests, (ECF No. 54), which RAV did not respond to in any way.  On December 1, 2016 the Court granted the motion and ordered RAV to provide full and complete responses to Sowell's post-judgment interrogatories and to produce a corporate designee for deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) within thirty days of the Order.  (ECF No. 55.)  Sowell mailed a copy of the order to RAV via regular mail.  (Pl.'s Mot. to Compel, at 7, ECF No. 57.)

      RAV has not responded to Sowell's discovery requests.  (*Id.* at 1–2.)  On January 9, 2017 Sowell filed a motion for contempt pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(vii).  (ECF No. 57.)

## II.

Before the Court may hold a party in civil contempt, the party seeking the contempt order must show that: (1) a valid court order existed; (2) the defendant had knowledge of the order;

and (3) the defendant disobeyed the order. *Roe v. Operation Rescue*, 919 F.2d 857, 871 (3d Cir. 1990). The movant must establish each of these elements by clear and convincing evidence. *Gregory v. Depte*, 896 F. 2d 31, 38 (3d Cir. 1990).

### III.

### A.

Sowell has not established each element by clear and convincing evidence. While a valid court order clearly existed, Sowell has not established that RAV had knowledge of the order. Sowell states that he "served a copy of the Order on RAV via U.S. mail," and thus "there can be no dispute that RAV received knowledge of the Order." (Pl.'s Mot. to Compel, at 7, ECF No. 57.) Sowell notes that the mail was not returned by the post office, (*id.* at 8), and contends that this establishes RAV's knowledge of the Order. Sowell relies on the common law "mailbox rule" to support this argument. (*Id.* at 7–8 (citing *Phila. Marine Trade Ass'n.-Int'l. Longshoremen's Ass'n Pension Fund v. C.I.R.*, 523 F.3d 140, 147 (3d Cir. 2008); *Heath-El v. Harrisburg Housing Auth.*, No. 10-0022, 2011 WL 1771047, at *1 (M.D. Pa. 2011)).) The "mailbox rule" cases Sowell relies upon are, however, inapplicable. *Philadelphia Marine* dealt with the timely filing of tax documents, *see Phila. Marine*, 523 F.3d at 146, and *Heath-El* concerned the mailing of an order under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to prosecute, *see Heath-El*, 2011 WL 1771047, at *1. Neither case required the moving party to demonstrate the other party's knowledge by clear and convincing evidence.

Courts in this circuit typically require more than a single instance of regular mail to suffice as clear and convincing evidence of an alleged contemnor's knowledge of a court order. In *Residential Roofers Local 30-B Health & Welfare Fund v. Rynk Roofing*, 848 F. Supp. 590 (E.D. Pa. 1994), for example, the plaintiff established that the contemnor had knowledge of a

3

valid court order by mailing the order to the contemnor via regular mail, certified mail, and the United Parcel Service ("UPS"). 848 F. Supp. at 592. While the certified mail was returned, the regular mail was not, and the copy sent via UPS was successfully delivered, though the recipient refused to sign. *Id.* Even where the certified mail was returned, however, the plaintiffs were able to establish a paper trail which, in conjunction with regular mail, established clear and convincing evidence that the contemnor had knowledge of the order. *See id.*

In *New Jersey Building Laborers' Statewide Benefit Funds v. Excel Service & Construction, Inc.*, No. 09-0583, 2009 WL 3335864 (D.N.J. Oct. 13, 2009), the court reached a similar conclusion where the plaintiff purported to serve the alleged contemnor with the court's order via regular and certified mail. 2009 WL 3335864, at *1. The court noted that although the certified mail was returned unclaimed and the regular mail was not returned to the post office, the plaintiff's failure to include the paper trail generated by the certified mail undermined the plaintiff's showing of the alleged contemnor's knowledge of the court order. *Id.* at *2. Even if the certified mail was returned, its paper trail, coupled with the fact that the regular mail was unreturned, "would have shown the Court that [the alleged contemnor] had many opportunities to learn of and adhere to this Court's Order, and chose not to." *Id. But cf. also Abex Labs., Inc. v. Cooperider*, 319 F. Supp.2d 507, 509 (E.D. Pa. 2004) (finding that regular mail, in addition to the clerk of court mailing a copy of the order to the alleged contemnor was "likely" enough to meet the knowledge requirement, but refusing to issue contempt order on other grounds). Sowell has simply alleged that he mailed the Court's Order to RAV by regular mail. That does not constitute clear and convincing evidence of RAV's knowledge of the Order.

**B.**

Sowell also contends that "RAV's CEO/President willfully ignored his deposition notice, and he too is in contempt of Court." (Pl.'s Mot., at 9.) That is incorrect. Sowell has not established by clear and convincing evidence the first element necessary to show contempt with regard to Ron Allen, RAV's CEO and President—that the Court issued a valid order relating to Allen. The Court's December 1, 2016 Order did not order Allen to appear personally for a deposition, despite Sowell's inclusion of a notice of deposition for Allen in his attachments. *See* (ECF No. 55 (Granting Plaintiff's motion to compel *in part*)); *see also* (Pl.'s Mot. to Compel, Ex. A, at 12, ECF No. 54-1.) Instead, it simply ordered RAV to produce a corporate designee.

While Allen is not a named defendant in this case, "[t]here is authority for binding certain corporate officials to court orders issued against named parties which are corporate defendants." *N.J. Bld. Laborers' Statewide Benefit Funds v. Northeast Constr. Enters., Inc.*, No. 09-2040, 2009 WL 4666873, at *1 (D.N.J. Dec. 8, 2009) (citing *Wilson v. United States*, 221 U.S. 361, 376 (1911)). Although some circuits have extended *Wilson*'s rule to corporate officers, *see, e.g.*, *Elec. Workers Pension Tr. Fund of Local Union #58 v. Gary's Elec. Serv. Co*, 340 F.3d 373, 379–80 (6th Cir. 2003); *Chi. Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 507–07 (8th Cir. 2000), the record does not suggest that Allen had personal knowledge of the Order, as he was not personally served with it. Because Sowell has not established by clear and convincing evidence that RAV had knowledge of the December 1, 2016 Order, the Court will not impute any knowledge to Allen himself.

The Court will permit RAV an additional thirty days to respond to Sowell's interrogatories and to make a corporate designee available for deposition, at which point Sowell may renew his motion for contempt if RAV does not comply. Sowell must serve the Order on

5

RAV consistent with this memorandum and the accompanying Order.  Unreturned regular mail, in conjunction with the paper trail created by certified mail—even if that certified mail is refused—can suffice to show RAV's knowledge of the Order.  *See, e.g.*, *Rynk Roofing*, 848 F. Supp. at 592.

      An appropriate Order follows.

                                                        BY THE COURT:

                                          ***/s/ Gerald J. Pappert***
                                          GERALD J. PAPPERT, J.